Mark C. Manning
Mark C. Manning, P.C.
1000 O'Malley Road,. Ste 202
Anchorage, Alaska 99515
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| PETER EKSTROM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANK G. WOODS III, | ) |
| | ) |
| Defendant. | ) |
| | ) Case no. 3:19-cv- |

**COMPLAINT**

Plaintiff Peter Ekstrom complains of Defendant Frank G. Woods III as follows:

1. This is an action for an accounting and recovery of earned seaman's wages due and owing, but unpaid, and for unearned wages and maintenance. Wages due are lay share wages Ekstrom earned in Alaska as a crew member in 2017 on the Alaska commercial fishing vessel WAVE RYDER, as an employee of Frank G. Woods III. This court has jurisdiction over this action by reason of 28 U.S.C. § 1333. These are admiralty and maritime claims.

2. This is a seaman's action for wages and for the enforcement of laws enacted for protection of his health and safety. Accordingly, 28 U.S.C.§1916 excuses Plaintiff from paying a filing fee.

3. At all times relevant, Plaintiff has been a resident of Alaska. On information and belief, Defendant has been and is an Alaska resident, and at all times relevant the owner and operator of the 32 foot gill net salmon fishing vessel WAVE RYDER. On information and belief, this vessel was of less than 20 gross tons within the meaning of 46 U.S.C. §10601(a)(1).

4. Ekstrom was an experienced commercial fisherman as of the 2017 Bristol Bay Alaska gill net salmon season. Woods hired Ekstrom to join the WAVE RYDER in late June for

the remainder of the season, at a verbally stated crew share rate of 10.0% of gross stock. Ekstrom joined the vessel and worked as a member of the crew until having to depart the vessel on or about July 11, 2017. He had to depart the vessel due to pain from overuse injury to his hands and feet, especially to the A2 pulley of his left little finger. He reported this problem to Wood before departing.

  5. Ekstrom was seen at the Alaska Native Medical Center on July 12, 2017, and has received treatment and therapy since, primarily to his little finger.

## COUNT I

  6. As of the time Ekstrom departed the vessel, approximately 119,000 pounds of salmon had been caught and delivered. On information and belief, the price Woods was paid for the salmon was in excess of $1.00 per pound, entitling Ekstrom to earned wages of more than $11,900.00. Woods paid him $5,300.00, and has never provided a settlement sheet or other accounting. Ekstrom is entitled to payment of the balance of his earnings.

## COUNT II

  7. Ekstrom realleges paragraphs 1 through 6. Ekstrom departed the vessel because of a medical condition or conditions that manifested while he was in service of the vessel, so he is entitled to unearned wages for the remainder of the season, as well as maintenance at the rate of at least $35.00 per day from July 12, 2017, until he recovers or is declared to have reached maximum cure.

## COUNT III

  8. Ekstrom realleges paragraphs 1 through 6. Ekstrom was not timely paid crew share earned. He is entitled to penalty wages for the delay in payment at the rate of one day's pay for every day of delay for up to 90 days. A.S. 23.05.140; <u>Sewell v. M/V POINT BARROW</u>, 556 F. Supp. 168 (D. Alaska 1978).

## COUNT IV

  9. Ekstrom realleges paragraphs 1 though 8. Notwithstanding Ekstrom's notice to Woods before leaving the vessel and subsequent notice to Woods by counsel for Ekstrom in writing, Woods has wilfully and recalcitrantly refused to investigate Ekstrom's medical condition and

entitlement to maintenance and unearned wages, and to pay maintenance and unearned wages. This conduct entitles Ekstrom to an award of punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

1. an accounting of the WAVE RYDER's gross stock for the 2017 season subsequent to commencement of Ekstrom's employment, inclusive of post-season bonuses and other price adjustments;

2. judgment for underpaid earned crew share owed Ekstrom by Woods, in the amount of $6,600.00 or other amount to be determined following an accounting;

3. judgment for unearned wages for the remainder of the season after Ekstrom's departure from the vessel and maintenance owed at $35.00 per day, or other rate as may be proven, from July 12, 2017, until Plaintiff recovers or is declared to have reached maximum cure, the sum presently totaling $9,485.00;

4. judgment for punitive damages for failure investigate notwithstanding notice and to pay maintenance and unearned wages;

5. judgment for penalty wages for delay in payment of earned wages, as provided by A.S. 23.05.140;

6. judgment for costs and fees incurred in this action: and

7. an award of any additional relief the court deems appropriate.

DATED this 9th day of April, 2019, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Plaintiff

By: ___s/ Mark C. Manning___
    Mark C. Manning
    ABA No. 8110066
    Mark C. Manning, P.C.
    1000 O'Malley Road, Ste. 202
    Anchorage, AK 99515
    (907) 278-9794; fax: 278-1169
    manning@alaska.net